IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN GALLO | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) No. 07 C 0653<br>) |
| HOMELITE CONSUMER<br>PRODUCTS, JOHN DEERE<br>CONSUMER PRODUCTS, INC.,<br>TECHTRONIC INDUSTRIES CO.<br>LTD., TRAVELERS SPECIALTY<br>PROPERTY CASUALTY COMPANY,<br>INC. | ) Wayne R. Andersen<br>) District Judge<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Gallo brought this product liability action against Homelite Consumer Products ("Homelite"), John Deere Consumer Products, Inc. ("John Deere"), and TechTronic Industries Co. Ltd. ("TechTronic") for negligence, strict liability, and breach of express and implied warranties pursuant to both state law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. Later named defendant Travelers Indemnity Company ("Travelers") removed the action to federal court. Before the court is plaintiff's motion to remand this case to the Circuit Court of Cook County. For the following reasons, the motion is granted, and this case is remanded to the Circuit Court of Cook County..

## BACKGROUND

Stephen Gallo was severely injured in September, 2002 while working with a weed

wacker as part of his job as groundskeeper of the Thillens Baseball stadium at the corner of Devon and Kedzie Avenues in Chicago. Travelers, as the underwriters for the workers' compensation policy available to Gallo, investigated the incident. Gallo filed his complaint against Homelite and John Deere in the Circuit Court of Cook County on August 10, 2004. John Deere was the first defendant served on August 17, 2004; Homelite and John Deere filed a notice of removal on October 22, 2004. On October 24, 2004 Travelers was granted leave to intervene in the case. Gallo's motion to remand was granted by District Judge Moran on February 14, 2005, on the basis that the defendants' removal was untimely.

Gallo's second amended complaint on December 27, 2006 named Travelers as an additional defendant and claimed negligent spoliation of evidence stemming from alleged mishandling of the weed wacker in Travelers' worker's compensation investigation. Travelers was served on January 5, 2007. Its notice of Notice of Removal to this court was filed on February 2, 2007, and was based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

Gallo claims that Travelers' notice of removal is untimely and argues the opportunity for removal expired on September 16, 2004, thirty days after John Deere was served, and more than two years before Travelers was served. Travelers claims that since it filed for removal within the 30 day time period required in 28 U.S.C. § 1446(b), its removal is proper based on diversity jurisdiction and timeliness.

## DISCUSSION

Removal is governed by federal statute and provides that a defendant may file a notice of removal within thirty days after receiving a copy of the complaint.

2

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case *may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis supplied). The issue presented before this court is whether Travelers, as a later named defendant which was previously granted intervenor status and whose co-defendants have previously unsuccessfully filed for removal, may remove to federal court after it has become a defendant even though the state litigation has been proceeding for more than three years.

Our reading of 28 U.S.C. § 1446(b) leads us directly to the last line of section 1446(b). The facts of this case are unique, but section 1446(b) was amended in 1988 specifically to address this type of situation:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

3

*See* House Committee on Judiciary, Judicial Improvements and Access to Justice Act, House Report No. 100-889, 100th Cong.2d Session (to accompany H.R. 4807), reprinted in 1988 U.S.C.C.A.N. 5982, 6032. While in this case, it is not the elimination of parties which created a new diversity situation, but the addition, our view of the facts leads us to believe the one-year limit on removal is applicable in this case for the following reasons.

First, an examination of the time line in this case is in order. This action was filed in the Circuit Court of Cook County on August 10, 2004. Travelers intervened in the case two days before defendants Homelite and John Deere filed their notice of removal on October 24, 2004. District Judge Moran granted plaintiff's motion to remand on February 14, 2005, on the grounds that the defendants' removal was untimely. See *Gallo v. Homelite Consumer Products*, 371 F. Supp. 2d 943 (N.D. Ill. 2005). Plaintiff filed a second amended complaint in December, 2006, naming Travelers as a defendant. Its notice of removal, based on diversity jurisdiction, was filed within thirty days of its being served. We note that this case has been pending in state court for almost three years, during which substantial progress in the litigation was made. For this reason alone, we would grant the motion to remand this action back to state court.

We are also swayed by the facts in this case, which is not a situation in which plaintiff adds a later named defendant for a strategic or even bad-faith reason. Here, Travelers was named as a defendant as a direct result of the state lawsuit because Gallo alleged that, in its investigation as the worker's compensation policy carrier, Travelers lost evidence which was central to the state court case. Its inclusion as a defendant, therefore, is due to the litigation itself, and not the preceding actions which led to the litigation. In addition, as an intervenor, even though Cook County Circuit Court Judge Larsen's order granting intervention stated that Travelers "shall not

4

participate in the discovery or trial of the lawsuit unless consented to by the parties hereto," Travelers was involved in the state case from the outset. In other words, while Travelers is a new party, they are not new to the case. This fact also supports our conclusion that removal would disrupt the substantial progress which has already made in state court.

In addition, it is well settled that all defendants must join in an petition for removal. See *Price v. Messer*, 872 F. Supp. 317, 321 (S.D. W. Va.. 1995). Travelers appears to have initiated the current removal action alone; the record is unclear whether any of the other defendants joined in the notice of removal, although we may infer they supported the action by their prior failed attempt at removal.

Finally, it is axiomatic that courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908 (7th Cir. 1993). Here, the forum for Gallo's state court action has been at issue since the commencement of this litigation. He has been forced simultaneously to defend multiple attempts to remove to federal court. After three years, the state court has knowledge of the substantial proceedings which have already taken place. Thus, we remand.

## CONCLUSION

In summary, we believe that 28 U.S.C. § 1446(b) establishes a one year limit on removal in cases based on diversity jurisdiction, and that Travelers' removal is therefore untimely. Additionally, all defendants must join in a petition for removal, and here the record is not clear on whether Homelite and John Deere joined the petition or gave their consent. Finally, we believe the facts in this case support the view that the plaintiff's choice of forum here should be

granted.

For the foregoing reasons, we grant Gallo's motion [9] to remand to the Circuit Court of Cook County.

IT IS SO ORDERED.

Dated: May 10, 2007

Wayne R. Andersen
District Judge